IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LESHAWN WASHINGTON, | § | |
| | § | |
| Defendant Below, | § | No. 18, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1012007994 (N) |
| | § | |
| Appellee. | § | |

Submitted: January 31, 2023
Decided: February 15, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, LeShawn Washington, appeals from a Superior Court order dated December 22, 2022, that denied Washington's motion challenging his sentence under Superior Court Criminal Rule 35. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Washington's opening brief that the appeal is without merit. We agree and affirm.

(2)    A Superior Court jury convicted Washington of first-degree robbery, second-degree conspiracy, and resisting arrest. On December 2, 2011, the Superior Court sentenced Washington as follows: for first-degree robbery, to twenty-five

years of imprisonment, suspended after fifteen years for decreasing levels of supervision; for second-degree conspiracy, to two years of imprisonment, suspended after one year for one year of Level III probation; and for resisting arrest, to a fine and one year of imprisonment, suspended for one year of Level III probation. This Court affirmed on direct appeal[1] and on appeal from the Superior Court's denial of Washington's motion for postconviction relief.[2]

(3) On December 16, 2022, Washington filed a "Motion for Correction of an Illegal Sentence." In the motion, Washington argued that his sentence was based upon a material misrepresentation of fact and that the sentencing judge sentenced Washington with a closed, vindictive, and biased mind. Washington acknowledged that the motion sought to correct a sentence that was imposed in an illegal manner but asserted that extraordinary circumstances excused its untimely filing.[3] Specifically, he argued that the court should consider his claims despite the untimely filing because his counsel was ineffective by failing to file a motion under Rule 35 within ninety days of sentencing and because the sentencing violated his due-process

---

[1] *Washington v. State*, 2012 WL 3039725 (Del. July 25, 2012).

[2] *Washington v. State*, 2014 WL 7009718 (Del. Nov. 13, 2014).

[3] *See* DEL. SUPER. CT. CRIM. R. 35(a) ("The court . . . may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."); *id.* R. 35(b) ("The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. . . . The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.").

rights. The Superior Court denied the motion, and Washington has appealed to this Court.

(4) We review the denial of a motion under Rule 35 for abuse of discretion.[4] To the extent that the claim involves a question of law, we review the claim *de novo*.[5] A motion to correct an illegal sentence under Rule 35(a) may be filed at any time.[6] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[7] Washington does not assert any of those grounds; rather, he claims that the sentence was imposed in an illegal manner. The Superior Court will consider a motion to correct a sentence imposed in an illegal manner filed more than ninety days after imposition of sentence only in "extraordinary circumstances" or if the Department of Correction files an application under 11 *Del. C.* § 4217.[8]

(5) On appeal, Washington argues that the Superior Court erred by concluding that Rule 35(a) is not the appropriate mechanism for raising claims that a sentence was imposed in an illegal manner. We affirm the Superior Court's denial

---

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*
[6] DEL. SUPER. CT. CRIM. R. 35(a).
[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[8] DEL. SUPER. CT. CRIM. R. 35(b).

of Washington's motion, but on slightly different grounds than those stated by the Superior Court.[9]  Because Washington's claims assert that the sentence was imposed in an illegal manner[10] and his motion was filed more than ninety days—indeed, more than a decade—after the Superior Court imposed his sentence, the motion is time barred unless Washington has demonstrated extraordinary circumstances.[11]  "In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence."[12]  In the context of a motion under Rule 35, "extraordinary circumstances" are those that "specifically justify the delay; are entirely beyond a petitioner's control; and have prevented the applicant from seeking the remedy on a timely basis."[13]  Washington's claims that his sentencing violated his due-process rights and that his counsel should have filed a timely motion under Rule 35 do not specifically justify the ten-year delay in bringing those claims or explain why Washington himself could not have asserted the claims sooner.

---

[9] *See Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) ("[T]his Court may affirm on the basis of a different rationale than that which was articulated by the trial court.").

[10] *See Bliss v. State*, 2017 WL 1282091, at *1 (Del. Apr. 5, 2017) (stating that appellant's claim that his sentence was based on false information "constitutes a claim that his sentence was imposed in an illegal manner"); *Roten v. State*, 2012 WL 4358941, at *1 (Del. Sept. 24, 2012) (affirming denial of motion to correct illegal sentence as time barred because appellant's claims "that the sentencing judge imposed his sentences with a closed mind, thereby violating his due process rights" constituted claims that the sentences were imposed in an illegal manner).

[11] DEL. SUPER. CT. CRIM. R. 35(a), (b).

[12] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[13] *Id.* (internal quotations omitted).

4

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_/s/ Karen L. Valihura_
Justice